HARRIS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 46. Argued March 2, 1972.—Decided March 28, 1972.* (Also reported in 195 N. W. 2d 469.)

For the plaintiff in error there was a brief by *Lepp & Lepp, Burton Lepp,* and *Nathaniel S. Lepp,* all of Kenosha, and oral argument by *Burton Lepp.*

For the defendant in error the cause was argued by *Donald W. Smith,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J. The defendant was one of eight persons arrested in the early morning hours of October 30, 1968, in connection with the burglary of a tavern and of a pharmacy in Kenosha, Wisconsin. Six of the arrested persons appeared for trial, and they were tried together and convicted on the same charges. One of Harris' codefendants appealed his conviction, and that conviction was affirmed in *Gautreaux v. State* (1971), 52 Wis. 2d 489, 190 N. W. 2d 542. The facts that led to the arrest and trial are set forth in *Gautreaux*, and there is no need for further explication herein.

The issues raised herein are identical to those decided in *Gautreaux*. For the reasons set forth in that decision, we conclude that the evidence, though circumstantial, was sufficient to sustain the convictions of burglary on each count. As we decided in *Gautreaux*, the search of the automobile was with consent. Additionally, the defendant herein contends that there was no evidence adduced to show that the owner of the tavern had not given his consent to the entry of the premises, as required by sec. 943.10 (1), Stats. Such fact was circumstantially proved. The burglary occurred between 3 and 3:20 a. m. The owner and his wife, who slept upstairs, heard noises from the tavern premises over an intercom system. They promptly called the police. There was testimony that the premises had been checked and the doors locked prior to the owners retiring. There were pry marks on the rear door showing that physical force had been used to gain an entry. Such evidence was sufficient to form the basis for the trier of fact's conclusion that the entry had not been consented to. ". . . such evidence may often be stronger and more satisfactory than direct." *McKissick v. State* (1971), 49 Wis. 2d 537, 550, 182 N. W. 2d 282.

This case, in the main, is controlled by *Gautreaux*, both as to fact and law, and for the reasons set forth therein, the conviction and sentence are affirmed.

*By the Court.*—Judgment affirmed.